## Walters v. Walters

*Robert J. Doran,* for plaintiff.

*T. G. Wadzinski,* for defendant.

PINOLA, J., January 27, 1948.—Plaintiff filed a bill in equity alleging that she and defendant, while man and wife, purchased a certain property on Slope Street in the City of Nanticoke, taking title as tenants by the entireties.

The bill further avers that on May 9, 1946, they were divorced, and it prays for the partition of the real estate.

On November 20, 1947, defendant filed preliminary objections to the bill, and, plaintiff not having filed an amended bill within the time allotted for that purpose by Rule 49 of the Rules of Equity Practice, defendant ordered the case on the argument list.

Defendant objects to the failure of plaintiff to include in her bill six rooms of furniture, which he contends was owned by them as tenants by the entireties.

Plaintiff contends that, as to the personalty, defendant has a complete and adequate remedy at law. But defendant does not claim that he owns personally any of the personal property; he contends that it is jointly owned, and therefore, should be included in the bill.

We agree that if the parties jointly owned the personal property referred to in the preliminary objec-

tions, that property should be included in the bill because it is subject to provisions of the Act of May 10, 1927, P. L. 884: Wells v. Brown, 61 D. & C. 511.

However, since the alleged omission of personal property is not apparent on the face of the bill, the preliminary objections cannot be sustained.

Preliminary objections to the bill are dismissed and defendant is ordered, within 15 days from the service of this order, to answer upon the merits thereof the allegations in plaintiff's bill.